# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SEAN KISNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-04264-CV-S-DGK |
| BANK OF AMERICA, N.A. d/b/a | ) |
| BAC HOME LOANS SERVICING, LP, | ) |
| and | ) |
| KOZENY & McCUBBIN, LC, | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS IN PART

This case arises out of Plaintiff Sean Kisner's unsuccessful attempt to renegotiate the terms of his mortgage under the Making Home Affordable program. Plaintiff alleges Bank of America told him he would qualify for a modified mortgage and instructed him to make modified payments. Kisner alleges that after successfully making several modified payments, BOA abruptly rejected his payments and instituted foreclosure proceedings against his home. He is suing the entity that was eventually assigned his mortgage, Bank of America, N.A.'s and related entities (collectively "BOA") and Kozeny & McCubbin, LC,[1] the law firm handling the foreclosure that is the successor trustee on the note.

Now before the Court is Defendant Bank of America, N.A.'s ("BOA") Motion to Dismiss (doc. 9). BOA contends each of the fifteen claims in the First Amended Petition must be dismissed for failure to state a claim.

---

[1] Kozeny & McCubbin, LC, is named on Counts I and II only, the counts seeking injunctive relief. Kozeny & McCubbin's liability is derivative of BOA's liability.

Plaintiff does not contest dismissal of many of these claims, but argues some are viable claims. Holding that Plaintiff has failed to allege facts entitling him to relief on Counts III-V, VII-IX, and XI-XV, BOA's Motion is GRANTED IN PART.

**Standard of Review**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Background**

The facts as alleged in Plaintiff's First Amended Petition are as follows. In 2007, Plaintiff Sean Kisner purchased a property near Strafford, Missouri and mortgaged it for $225,000. In 2009, the note was assigned to BOA.

In December of 2009, Kisner contacted BOA to renegotiate his mortgage. A BOA representative told him that he qualified for a modification under BOA's Making Home

2

Affordable[2] program. A BOA representative instructed him to begin making a modified trial payment of $1,053.49 a month beginning in January of 2010 prior to completing the paperwork for the modification. Plaintiff began making the modified payments in January 2010.

In February 2010, BOA sent Kisner the paperwork which he timely completed and returned. Two weeks after Kisner submitted his paperwork, BOA requested he re-submit it, which he did.

In March of 2010, BOA again sent Kisner a packet of documents, containing the same paperwork he had originally submitted in February of that year. When Kisner inquired as to the purpose of the documents, a BOA representative told him that BOA's scanning department was in arrears and instructed him to ignore the latest request to re-submit the documents and keep making his modified payment.

Throughout April and May of 2010, Kisner repeatedly inquired about the status of his loan modification. Each time, he was told there was no problem, the modification was being processed, that he would be approved, and that he should keep making his modified payment.

In August of 2010, following a mix-up concerning whether he had sent certain documents, BOA told Plaintiff not to worry about his approval.

On September 8, 2010, BOA notified Kisner that his placement in the modification program had been denied. Kisner followed-up with BOA and was told to ignore the notice, that his case was still in appeal, and that a work-out counsel would be in touch. One week later, during a phone conversation with different BOA representatives, Kisner was told conflicting things about his modification. This conversation ended with the BOA representative telling Kisner not to worry because BOA would simply roll any late payment back into the mortgage.

---

[2] The Home Affordable Modification Program ("HAMP") is a federal program initially authorized by the Emergency Economic Stabilization Act of 2008 and enacted by the Department of Treasury in March 2009.

3

Kisner was never actually told his loan modification had been approved, nor has he made anything more than threadbare recitals that his loan was ever actually modified. The Deed of Trust requires that any modification to the loan be in writing.

On October 18, 2010, BOA informed Kisner that he had been rejected from the Making Home Affordable program because BOA had not been able to contact him. Shortly thereafter, Defendant Kozeny & McCubbin ("K&M") informed Kisner that BOA had retained it as counsel and that various options might be available to him in order to avoid foreclosure. The next day, K&M told Kisner that his account had been referred for foreclosure. On October 25, 2010, K&M informed Kisner that foreclosure would take place on November 15, 2010, which was subsequently rescheduled for December 3, 2010.

On November 23, 2010, Plaintiff filed this lawsuit in the Circuit Court of Greene County, Missouri. His Petition alleged wrongful foreclosure, breach of contract, negligence, and slander of title/credit, and requested equitable relief, punitive damages, and attorneys' fees and costs. Prior to removal, the Greene County, Missouri Circuit Court entered two temporary restraining orders preventing the Defendants from "conducting any extra-judicial foreclosure sale of/against [the Plaintiff's property]."

On September 14, 2011, Kisner filed his First Amended Petition in which he asserted fifteen claims arising under both state and federal law. On October 4, 2011, BOA removed this case by invoking the Court's diversity jurisdiction. It subsequently filed the pending motion to dismiss.

**Discussion**

**A.      Count III, the breach of contract claim, is dismissed.**

BOA argues that Plaintiff cannot sustain a cause of action on Count III for Breach of Contract. Plaintiff has not addressed this argument, therefore it is conceded. *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue."). Accordingly, Count III is dismissed.

**B.      Count IV, the defamation of credit claim, is dismissed.**

The elements of a defamation claim are: (1) publication, (2) of a defamatory statement, (3) that identifies the claimant, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the claimant's reputation. *May v. Countrywide Home Loans, Inc.*, No. 4:07CV375-CDP, 2007 WL 1879781, at *2 (E.D. Mo. June 28, 2007). BOA argues this claim must be dismissed because Plaintiff has failed to allege any facts showing that the reporting of Plaintiff's payment history was false.

BOA contends, and Plaintiff by his silence concedes, that the Deed of Trust requires any mortgage modification must be in writing. Plaintiff also concedes there was never any written modification to the loan agreement. Consequently, Plaintiff was obligated to make a full monthly payment of $1,631.41, not the lesser amount he actually paid. As a result, any report BOA made to a credit agency stating that Plaintiff failed to make a full monthly payment on his mortgage was not a false report.

Count IV is dismissed.

**C.     Count V, the lulling/wrongful foreclosure claim, is dismissed.**

BOA argues, and Plaintiff concedes, that Missouri does not recognize a cause of action for wrongful foreclosure when a foreclosure sale has not yet taken place. Instead, Plaintiff argues that if the Court dismisses Count V, Plaintiff is entitled to maintain this claim pursuant to the "cleanup doctrine." Plaintiff, however, does not explain how the cleanup doctrine applies to Plaintiff's claim.

Holding that plaintiff has not pled sufficient factual content from which the court can draw a reasonable inference that the defendant is liable for wrongful foreclosure, Count V is dismissed.

**D.     Count VI, the fraudulent misrepresentation claim, sufficiently states a claim.**

The elements of a fraudulent misrepresentation claim are: (1) a representation, (2) that is false, (3) and material, (4) the speaker's knowledge of the statement's falsity, or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximately caused injury. *Moody v. Kramer & Frank, P.C. et al.*, 2010 WL 883660, No. 4:09CV1441-SNLJ, at *3 (E.D. Mo. Mar. 5, 2010); *Harris v. Smith*, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008).

Plaintiff alleges that "Defendants promised Plaintiff his home would not be sold at a trustee's sale before Plaintiff received notice concerning his eligibility for a mortgage modification," that his reliance on this misrepresentation was reasonable. BOA argues that these allegations fail as a matter of law because Plaintiff admits that before his mortgage was referred to foreclosure, he was twice told that he did not qualify for a loan modification. Thus, even if the

6

allegations are true, BOA did not make any actionable misrepresentations, and Count VI must be dismissed.

The Court notes, however, that Plaintiff has also alleged that he was told during a follow-up conversation to ignore the notice, that his case was still in appeal, and that a work-out counsel would be in touch. Plaintiff also pled that he was falsely led to believe that his mortgage had been modified through the institution of the trial payment. Consequently, the Court finds these allegations are sufficient to survive a motion to dismiss.

**E.     Count VII, the Missouri Merchandising Practices Act claim, is dismissed.**

BOA argues that Plaintiff cannot sustain a cause of action on for violation of the Missouri Merchandising Practices Act. Plaintiff does not dispute this, therefore Count VII is dismissed.

**F.     Count VIII, the federal Real Estate Settlement Procedures Act claim, is dismissed.**

Plaintiff does not dispute that he cannot sustain a cause of action for violation of the federal Real Estate Settlement Procedures Act, therefore Count VIII is dismissed.

**G.     Count IX, the federal Fair Credit Reporting Act claim, is dismissed.**

Plaintiff also does not dispute that he cannot sustain a cause of action for violation of the federal Fair Credit Reporting Act, therefore Count IX is dismissed.

**H.     Count X, the negligent misrepresentation claim, sufficiently states a claim.**

Closely related to Count VI, which alleges fraudulent misrepresentation, Count X alleges negligent misrepresentation. The elements of a negligent misrepresentation claim are: (1) the speaker supplied information in the course of his business or because of some other pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business

7

transaction; (4) the listener justifiably relied on the information; and (5) as a result of the listener's reliance on the statement, he/she suffered a pecuniary loss. *Harris v. Smith*, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008).

Similar to its argument with respect to fraudulent misrepresentation, BOA contends the negligent misrepresentation claim must be dismissed because the information relied on was not false. But again, the Court notes that Plaintiff has also alleged that he was told during a follow-up conversation to ignore the notice, that his case was still in appeal, and that a work-out counsel would be in touch. He also pled that he was falsely led to believe that his mortgage had been modified through the institution of the trial payment. Consequently, the allegations are sufficient to survive a motion to dismiss.

## I.      Count XI, Plaintiff's claim for Prima Facie Tort, is dismissed.

The elements of prima facie tort under Missouri law are: (1) an intentional lawful act by the defendant; (2) defendant's intent to cause injury to plaintiff; (3) injury to the plaintiff; (4) and an absence of any justification, or an insufficient justification, for the defendant's act. *Lion Petroleum of Mo, Inc. v. Millennium Super Stop, LLC*, Case No 4:06CV0698-AGF, 2008 U.S. Dist. LEXIS 58679, at *21 (E.D. Mo. Aug. 1, 2008). Missouri law does not look favorably on such claims and has limited their application. *Hertz Corp. v. Raks Hospitality, Inc.*, 196 S.W.3d 536, 549 (Mo. Ct. App. 2006).

With respect to the injury analysis, while Plaintiff has plead that in "some or all of the acts" completed by BOA, it acted "with an intent to cause injury, spite or ill-will to Plaintiff by the doing of the act (e.g., providing Plaintiff assurances regarding modification while simultaneously preparing to undertake foreclosure proceedings)," this is not enough to sustain the cause of action. First Amended Petition at ¶ 151. "To prove actual intent, [a] plaintiff must

8

show actual malice." *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W.3d 540, 545 (Mo. Ct. App. 2006). "A valid business interest will generally provide sufficient justification to defeat a claim for prima facie tort." *LLP Mortg., Ltd. v. Marcin, Inc.,* 224 S.W.3d 50, 55 (Mo. Ct. App. 2007). And such a valid business interest is present where a lender initiates foreclosure to collect on a defaulted mortgage. *Id.*

Accordingly, Count XI is dismissed.

**J.      Count XII, the Product Liability claim, is dismissed.**

Count XII asserts a products liability failure-to-warn claim against BOA for selling a loan product that allegedly

> was defective in that it was provided in the context of duress, was not properly documented and/or recorded, was created in a form that [BOA] could not have reasonably believed to be in keeping with the standards and practices of the mortgage finance industry, that it was provided in violation of various laws of the State of Missouri and the United States of America, described above.

First Amended Petition at ¶ 158. Plaintiff's counsel acknowledges that he is asking "this Court to recognize, apparently for the first time, the application of strict liability for Defendants' participation in the creation of a financial disaster," but counsel has not cited any legal authority supporting such an application.

Under Missouri law, the elements of a products liability failure-to-warn claim are: 1) the defendant sold the product in the course of its business; 2) the product was unreasonably dangerous at the time of the sale when used as reasonably anticipated without knowledge of its characteristics; 3) the defendant did not give an adequate warning of the danger; 4) the product was used in a manner reasonably anticipated; and 5) the user was damaged as a direct result of the product. *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 823 (8th Cir. 2009). Setting aside the question whether strict liability could possibly apply to a home

9

mortgage, Plaintiff has failed to adequately plead that the product was unreasonably dangerous. Even if the product was provided under duress, not properly recorded, or violated some other state or federal law, that does not make the mortgage product unreasonably dangerous. Consequently, this claim is not well-pled and Count XII is dismissed.

### K. Count XIII, for Slander of Title, is dismissed.

The elements of a slander of title claim are: (1) false words, (2) maliciously reported, which (3) cause pecuniary loss or injury to the plaintiff. *Johnson v. Saddler*, 322 S.W.3d 544, 547 (Mo. Ct. App. 2010). Similar to the defamation of credit claim, BOA argues the slander of title claim must be dismissed because Plaintiff has failed to allege any facts showing its words were false. BOA contends, and Plaintiff has conceded, that the Deed of Trust required that any loan modification be in writing and there was never any written modification to the loan. Consequently, Plaintiff was obligated to make a full monthly payment, and any report by BOA that Plaintiff failed to make a full monthly payment was not false.

Count XIII is dismissed.

### L. Count XIV, the Strict Liability claim, is dismissed.

Count XIV alleges that BOA should be strictly liable for being "a vast banking organization [which undertook] lending practices which contributed to the necessity of a bailout on the order of $163 billion," and because these lending practices were abnormally dangerous, more dangerous than "nuclear radiation, sticks of dynamite or other more traditional sources of claims for strict liability." First Amended Petition at ¶ 174.

Plaintiff acknowledges that "[s]trict liability claims have not traditionally been used in the context of ultrahazardous or abnormally dangerous financial activity" *id.*, but again, has not cited any legal authority supporting such an extension of the law. Absent persuasive legal

10

reasoning or citation to legal authority from a factually analogous case, the Court holds that a theory of strict liability simply does not apply to the facts of this case.

Count XIV is dismissed.

## M. Count XV, for Intentional Interference with Prospective Contractual Relation, is dismissed.

Plaintiff alleges that Defendants "interfered with Plaintiff's prospective contractual relations by reporting false information to one or more credit reporting agencies to the effect that Plaintiff has failed and continues to fail to perform on the loan." Amended Petition ¶ 184.

To state a claim for intentional interference with a contractual relationship or business expectancy, a plaintiff must show (1) a contract or a valid business relationship or expectancy; (2) the defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages, resulting from the defendant's conduct. *Francis Chevrolet Co. v. General Motors Corp.*, 460 F. Supp. 1166, 1170 (E.D. Mo. 1978). "'Absence of justification' means the absence of any legal right on defendant's part to take the actions about which plaintiff complains." *Howard v. Youngman*, 81 S.W.3d 101, 115 (Mo. Ct. App. 2002).

Here Plaintiff cannot establish the fourth element because Plaintiff cannot establish that BOA reported false information. As previously discussed, Plaintiff has acknowledged that he failed to make full mortgage payments and that he did not qualify for a loan modification, thus Plaintiff cannot establish an absence of justification for BOA's reporting that Plaintiff had failed to make full payments. Therefore, Count XV should be dismissed.

## Conclusion

Holding that Plaintiff has failed to allege facts entitling him to relief on Counts III-V, VII-IX, and XI-XV, BOA's Motion to Dismiss (doc. 9) is GRANTED IN PART.

**IT IS SO ORDERED.**

Dated: February 23, 2012                  /s/ Greg Kays
                                          GREG KAYS,
                                          UNITED STATES DISTRICT JUDGE