# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| SEAN KISNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-04264-CV-S-DGK |
| BANK OF AMERICA, N.A. d/b/a BAC HOME LOANS SERVICING, LP, | ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING MOTION TO REMAND

This case arises out of Plaintiff Sean Kisner's unsuccessful attempt to renegotiate the terms of his mortgage under the Making Home Affordable program. Plaintiff alleges Defendant Bank of America, N.A. told him he would qualify for a modified mortgage and instructed him to make modified payments. Kisner alleges that after successfully making several modified payments, BOA abruptly rejected his payments and instituted foreclosure proceedings against his home. On February 23, 2012 the Court dismissed most of Plaintiff's claims, leaving only two state law claims for adjudication. Since then the parties have engaged in discovery and filed competing motions for summary judgment.

Now before the Court is Plaintiff's Motion to Remand (Doc. 28). Plaintiff notes that there are no longer any claims in this case over which this Court has original jurisdiction, and so under 28 U.S.C. § 1367 this Court may remand the remaining claims. Plaintiff asserts that remand would best serve the principles of judicial economy, procedural convenience, fairness to litigants, and comity. Defendant has filed a response (Doc. 35) opposing the motion, and Plaintiff has not filed any reply brief.

In determining whether to retain jurisdiction over state law claims after dismissal of federal claims, a district court should consider "the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum." *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1346 (8th Cir. 1980).

In the present case, these factors weigh in favor of retaining jurisdiction. First, the remaining state claims for fraudulent misrepresentation and negligent misrepresentation are not legally or factually difficult to adjudicate. Second, this case has been before this Court for almost one year and during that time the Court has invested a fair amount of time and effort in this matter, as reflected in its February 23, 2012 motion to dismiss and in the other orders the Court has issued. Third, the additional amount of time and energy necessary for its resolution will likely not be large for this Court since it is already familiar with the facts and legal issues in this case. Fourth and finally, the Court is firmly convinced that while a state forum is available, it is not readily available. This case is currently set for trial in this Court on May 14, 2013. If this case were remanded to the Circuit Court of Greene County, Missouri today, however, it is unlikely that the state court could resolve the case before 2014. Thus, all of the *Koke* factors weigh against remand, and the Court finds it would be fairer to the parties and in the interest of justice to retain jurisdiction. *Hanson v. Hancock Cnty. Mem'l Hosp.*, 938 F. Supp. 1419, 1434 (N.D. Iowa 1996). Accordingly, Plaintiff's motion (Doc. 28) is DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2012			/s/ Greg Kays
				GREG KAYS,
				UNITED STATES DISTRICT JUDGE